Before obtaining final judgment in this case, plaintiff, the administrator, has allowed more than five years to elapse without having taken steps in the prosecution thereof. For this reason, he must be considered as having abandoned the suit, and the same was properly dismissed. Losch v. Greco, 173 La. 223, 136 So. 572.

Plaintiff, the administrator, has alleged in his petition for a writ of seizure and possession that a number of adverse claimants are in possession of the property in dispute and that they are unknown to him. However, the only one of these claimants who has appeared to defend this suit, so far as the record before us discloses, is the widow of B. Fellman and her assignee, Bernard & Co., Inc. For this reason, the judgment of the lower court properly restricted the dismissal of the suit, only in so far as same concerns the property possessed by the widow of B. Fellman and by Bernard & Co., Inc., as her successor in interest.

Judgment affirmed.

140 So. 494

**BURDETTE v. MAJESTIC BLDG. CO.,
Limited.**

**No. 30585.**

Feb. 29, 1932.

C. B. Prothro and Frank E. Murphy, both of Shreveport, for appellant.

Lee & Gilmer, of Shreveport, for appellee.

BRUNOT, J.

This is a suit for damages resulting from alleged illegal and unwarranted acts of the defendant. The sum claimed is $4,926.50. Liability, in any sum, is denied, and, assuming the attitude of plaintiff in reconvention, the defendant claims and prays for judgment against the plaintiff for $290 for past-due rent.

There was judgment in the trial court in favor of plaintiff on the main demand for $300 and costs, and in favor of defendant on its reconventional demand for $80.

The plaintiff alone appealed. The defendant has answered the appeal and prays that the judgment in favor of plaintiff for $300 and costs be avoided, and that the judgment in favor of defendant on its reconventional demand be amended by awarding it the additional sum of $17.50 per month for 10 months and 11 days, and, as thus amended, that it be affirmed.

The record discloses that the plaintiff, a physician, was a tenant of defendant; that he occupied an office in defendant's building at a monthly rental of $30; that his rent was in arrears for more than two months; that agents of the defendant made many fruitless efforts to locate plaintiff's whereabouts, and finally removed his office furniture, fixtures, etc., into another room in the building. In some unexplained way, a fire occurred in the room in which the plaintiff's property was stored which, to some extent, damaged the property, and, as a result, this suit was brought.

The plaintiff claims the following items of damage: Property destroyed by fire, $1,426.-50; loss of practice on account of deprivation of books, instruments, etc., $1,500; humiliation, mortification, and embarrassment, $500; attorney's fees, $500; and exemplary damages, $1,000.

We have read the testimony carefully and it convinces us that the plaintiff has very little, if any, cause to complain. Shortly after the fire two physicians, at the request of an agent of the defendant, made an estimate of the damage done to the plaintiff's property by the fire, and they fixed the damage at $144. (Trans. p. 19.) The preponderance of the evidence convinces us that the defendant was more considerate of the plaintiff's rights than the law actually requires. The evidence also shows that the room in which the plaintiff's property was stored was not subject to his use as an office, and that the trial judge correctly ruled that defendant was not entitled to rent for that room.

For these reasons, it is decreed that the judgment on the main demand, in favor of the plaintiff and against the defendant for $300, be reduced to $144, and, as thus amended, that the judgment be affirmed; the costs of appeal to be paid by the plaintiff.